UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
TAHIR SALAAM BEY ex rel. BRUCE
DICKERSON,

                     Plaintiff,                    **MEMORANDUM & ORDER**
                                                   20-CV-2399 (PKC) (LB)

        - against -

KYLE P. KELLY, SHIELD #12572; 73RD
PRECINCT; and 83RD PRECINCT,

                     Defendants.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Tahir Salaam Bey, also known as Bruce Dickerson, proceeding *pro se*,

commenced the above captioned action against the 73rd and 83rd Precincts of the New York City

Police Department ("NYPD"), and Police Officer Kyle P. Kelly, based on events that occurred

during his arrest on April 25, 2020 in Brooklyn, New York.  (*See* Complaint ("Compl."), Dkt. 1.)

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. 2) is granted.  The Court

dismisses, for failing to state a claim, Plaintiff's claim asserting discrimination on the basis of

national origin and his claim for defamation.  The Court also dismisses Plaintiff's claims against

the NYPD 73rd and 83rd Precincts as non-suable entities.  Finally, pursuant to the *Younger*

doctrine, the Court dismisses Plaintiff's claims to the extent that he seeks dismissal of state

criminal charges as relief.  Plaintiff's Fourth Amendment claims against Defendant Kelly will

proceed.

**BACKGROUND**[1]

        On April 25, 2020, Plaintiff

---

[1] For purposes of this Memorandum & Order, the Court assumes the truth of Plaintiff's non-conclusory, factual allegations.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

was [t]raveling south on Ralph Avenue, Brooklyn Territory in pursuit of happiness. While riding [his] motorcycle[,] an unmarked SUV violently reversed toward [Plaintiff] causing [him] to fall off [his] bike. Policy enforcers (police) exited [the] vehicle[,] point[ing] arms at [Plaintiff] saying "stay down." Kyle P. Kelly Shield #12572 put [Plaintiff] in handcuffs without reading rights. Officers began to search [Plaintiff] without consent.

(Compl., Dkt. 1, at 3.)   Plaintiff's injuries include "emotional and mental distress," "embarrassment," "[defamation] of character," and "discrimination against my national origin." (*Id.* at 4.)[2]

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A document filed *pro se* is to be liberally construed, and "a *pro se* complaint,

---

[2] The Court notes that Plaintiff separately filed a Notice of Removal to remove the associated pending state criminal proceedings to federal court, which the Court denied on June 16, 2020, remanding the matter back to the Kings County Criminal Court. *See New York v. Dickerson*, 20-CR-208 (PKC), 2020 WL 326771, at *1 (E.D.N.Y. June 16, 2020). Defendant's Notice of Removal attached an April 25, 2020 affidavit sworn to by Officer Kelly and filed with the Kings County Criminal Court. *Id.* at *1 (record citations omitted). According to Officer Kelly's affidavit, Defendant was charged with criminal possession of a weapon in the second degree, criminal possession of a firearm, failure to obey a traffic control signal, failure to have proof of financial security, criminal possession of a weapon in the fourth degree, reckless driving, possession of pistol ammunition, and being an unlicensed motor vehicle operator. *Id.* Also attached to the Notice of Removal were both a grand jury notification from the Kings County District Attorney's Office and a notification from the same office disclosing that, at the time of Defendant's arrest, he stated to Officer Kelly, "I have a gun in my backpack," "I bought the gun off the street, I have not shot the gun, [and] I was arrested in the past for a gun that wasn't mine." *Id.*

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "If [a] liberal reading of the complaint gives any indication that a valid claim might be stated, the Court must give the plaintiff an opportunity to amend the complaint. *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (internal quotation marks omitted) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## DISCUSSION

The complaint asserts that Plaintiff's civil rights were violated by state actors and the Court liberally construes those claims as being brought pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983. "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

As discussed *infra*, the Court interprets Plaintiff's claimed injury for defamation as a pendent claim arising under state law.

3

## I.      Claims against Officer Kelly

However inartfully pleaded, the Court construes Plaintiff's Complaint as sufficiently alleging three Fourth Amendment claims against Officer Kelly: excessive force (*see* Compl., Dkt. 1, at 3 ("While riding my motorcycle[,] an unmarked SUV violently reversed toward me causing me to fall off my bike.")), false arrest (*see id.* ("Policy Enforcers (police) exited vehicle [and] point[ed] arms at me saying 'Stay down.' [Officer] Kelly [ ] put me in handcuffs without reading rights.")), and unlawful search (*see id.* ("Officers began to search me without consent.")).  These Fourth Amendment claims against Officer Kelly may proceed as pleaded.

Plaintiff also alleges that he was injured due to "discrimination against my national origin." (*Id.* at 4.)  The Fourteenth Amendment to the Constitution includes the Equal Protection Clause, "a direction that all persons similarly situated should be treated alike."  *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000).

> There are several ways for a plaintiff to plead intentional discrimination that violates the Equal Protection Clause.  A plaintiff could point to a law or policy that expressly classifies persons on the basis of race.  Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner.  A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

*Id.*  (internal quotation marks and citations omitted).  Plaintiff has not asserted *any* facts in support of his allegation of discrimination.  (*See* Compl., Dkt. 1.)  To the extent Plaintiff alleges a discrimination claim, that claim is dismissed.

Finally, Plaintiff alleges that he was injured due to "[defamation] of character."  (*Id.* at 4.) The Court construes this claim as a pendent claim arising under New York State law.  "Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability."  *Palin v. N.Y. Times Co.*,

940 F.3d 804, 809 (2d Cir. 2019).  Plaintiff has not alleged a single fact in support of any one of these five elements (*see* Compl., Dkt 1), and the Court dismisses this claim.

## II.    Dismissal of the Police Precincts

Plaintiff names the 73rd and 83rd Precincts as Defendants.  Neither is a proper party to this action.  A precinct, as a division of the NYPD, is an organizational subdivision of the City of New York that lacks an independent legal existence.  *Flemming v. New York City*, No. 02-CV-4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing *Dove v. Fordham Univ*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)).  Thus, the claims against the two NYPD Precincts are dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff is asserting claims against the City of New York, the proper party, he fails to allege sufficient facts to state a § 1983 claim against the City.  A municipality can be liable under § 1983 if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019).  Four types of practices may underly a § 1983 suit against a municipality:

> (1) a formally adopted municipal policy; (2) the actions or decisions of a municipal official with final policymaking authority; (3) a practice so persistent and widespread that it constitutes a custom or usage; and (4) a failure by official policymakers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference.

*Doe v. City of New York*, No. 18-CV-670 (ARR) (JO), 2018 WL 3824133, at *8 (E.D.N.Y. Aug. 9, 2018) (internal quotation marks and citation omitted).  "When plaintiffs do not allege an unconstitutional official policy, or an unconstitutional action ordered or ratified by an official policymaker, 'municipal liability turns on the plaintiffs' ability to attribute the subordinates' conduct to the actions or omissions of higher ranking officials with policymaking authority."  *Id.*

5

(quoting *Amnesty Am v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004)).  "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty*, 361 F.3d at 126 (internal quotation marks and citations omitted).  Plaintiff does not allege any facts that would support municipal liability and thus he has failed to state a § 1983 claim against New York City.  (*See* Compl., Dkt. 1.)

## III.    The *Younger* Doctrine

Plaintiff requests that the Court dismiss the state criminal charges against him as a form of relief.  (*See* Compl., Dkt. 1, at 4.)  This request is barred by the *Younger* abstention doctrine.  "When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Younger v. Harris*, 401 U.S. 37, 91 (1971).  "This doctrine of federal abstention rests foursquare on the notion that, in the ordinary course, a state proceeding provides an adequate forum for the vindication of federal constitutional rights," and we must therefore "giv[e] the respect to our co-equal sovereigns [the] principles [that] 'Our Federalism' demand."  *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (internal quotation marks and citations omitted).  The only exceptions to *Younger* abstention is if a plaintiff can show "bad faith, harassment[,] or any other unusual circumstance that would call for equitable relief."  *Id.* (quoting *Younger*, 401 U.S. at 54).  Plaintiff has not alleged any facts to support such a showing.  Accordingly, to the extent Plaintiff's Complaint asks this Court to dismiss the state criminal proceedings, his claims are dismissed.  *See id.* ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

To the extent the Complaint seeks monetary damages for the alleged false arrest, the Court will wait to consider whether it is appropriate to stay this case, pending resolution of Plaintiff's state criminal prosecution, until after Plaintiff has had the opportunity to amend his Complaint, and Defendant has been served with a copy of the summons and Complaint (or amended complaint) and has had the opportunity to respond. *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000) ("The Supreme Court has declined to reach the issue whether *Younger* applies to claims for money damages, but has noted that even if it does, the federal suit should be stayed, rather than dismissed[.]").

## CONCLUSION

For the reasons contained herein, the Court dismisses, for failure to allege claims upon which relief may be granted, Plaintiff's: (1) § 1983 claims against the NYPD 73rd and 83rd Precincts, 28 U.S.C. §1915(e)(2)(B)(ii); (2) § 1983 claim for national origin discrimination, Fed. R. Civ. 12(b)(6); and (3) state law claim for defamation, *id*. Additionally, pursuant to the *Younger* doctrine, the Court dismisses Plaintiff's claims to the extent he seeks dismissal of Plaintiff's state criminal charges.

In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint to allege, if applicable, a claim against the City of New York, a claim for discrimination on the basis of national origin, and a claim for defamation. If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 1:20-CV-02399 (PKC) (LB), and must be filed within forty-five (45) days from the entry of this Memorandum and Order. Plaintiff must provide facts to support a claim against each defendant named in the amended complaint, including the date and location of the events at issue, a description of what each defendant did or failed to do, and the relief requested. The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its

own without reference to the original complaint.  All of the allegations with regard to Defendant Kelly should be included in the amended complaint.  No summonses shall issue at this time and all further proceedings shall be stayed for 45 days or until Plaintiff files an amended complaint, whichever is earlier.  If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §1915(e)(2)(B).

If Plaintiff does not file an amended complaint within the time allowed, the Complaint will only proceed as to the Fourth Amendment claims asserted against Defendant Kelly.  The Court notes that, at this time, it is not ordering the Clerk of Court to prepare a summons against Defendant Kelly, nor is it ordering the United States Marshals Service to serve the summons and complaint. This is to conserve the Court's resources during the current public health crisis.  The Court shall direct both of those tasks following the deadline for Plaintiff to file an amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 22, 2020
    Brooklyn, New York

8