UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TAHIR SALAAM BEY ex rel. BRUCE
DICKERSON,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                                          20-CV-2399 (PKC) (LB)

        - against -

KYLE P. KELLY,

                    Defendant.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On September 22, 2020, Defendant Kyle P. Kelly moved to stay this case. For the reasons provided below, the Court grants that request and stays this action pending the adjudication of Plaintiff's criminal case.

## BACKGROUND

On or about May 26, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis* and a *pro se* complaint against Defendant, the "73rd Precinct," and the "83rd Precinct," alleging Fourth and Fifth Amendment violations arising from his arrest on April 25, 2020. (Complaint ("Compl."), Dkt. 1, at ECF[1] 2–3.) On June 22, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, dismissed certain claims for failure to state a claim, dismissed claims against both precincts as non-suable entities, dismissed Plaintiff's claim to the extent he sought dismissal of state criminal charges, and permitted Fourth Amendment claims against Defendant[2]

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] The Court presumes that Defendant is a police officer with the New York City Police Department ("NYPD"). (*See* Compl., Dkt. 1, at ECF 1–3.)

1

to proceed. (Dkt. 4, at 7–8.) The Court further granted Plaintiff leave to file an amended complaint within 45 days, otherwise the Complaint would proceed only against Defendant as to the Fourth Amendment claims alleging excessive force, false arrest, and unlawful search. (*Id.* at 4, 8.) On August 24, 2020, after Plaintiff failed to file an amended complaint by the Court's deadline, the Court ordered Plaintiff's claims against Defendant to proceed. (Aug. 24, 2020 Docket Order.)

On September 22, 2020, Defendant filed a letter motion requesting the Court to (1) stay the instant civil proceedings pending the resolution of Plaintiff's pending criminal prosecution, which is currently adjourned until March 19, 2021, (2) instruct Plaintiff to update Defendant's counsel and the Court on the status of the criminal case by March 22, 2021, and every six weeks thereafter until that matter is resolved, and (3) permit Defendant two weeks from the lifting of the stay to file an answer or otherwise respond to the Complaint. (Dkt. 7, at ECF 1, 3–4.) Defendant's counsel represents that, despite efforts to call Plaintiff (who appears here *pro se*), they were not able to reach him to obtain his consent to this request. (*Id.* at ECF 1.) On September 23, 2020, the Court directed Plaintiff to respond by October 7, 2020 (Sept. 23, 2020 Docket Entry); to date, Plaintiff has not filed a response.

## DISCUSSION

Where, as here, Plaintiff brings civil rights claims seeking damages "before the termination of the criminal proceedings against him, 'it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.'" *Brown v. Freeport Police Dep't*, No. 12-CV-4047 (SJF) (GRB), 2013 WL 5629637, at *3 (E.D.N.Y. Oct. 9, 2013) (quoting *Wallace v. Kato,* 549 U.S. 384, 393–94 (2007)); *see Bristol v. Nassau County*, No. 08-CV-3480 (JFB) (WDW), 2010 WL 1660238, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." (internal

quotation and citation omitted)); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." (collecting cases)); *see also Harris v. Nassau County*, No. 13-CV-4728 (NGG) (RML), 2014 WL 3491286, at *3–5 (E.D.N.Y. July 11, 2014) (staying Section 1983 claims, including ones of false arrest and excessive force, pending resolution of plaintiff's criminal proceedings); *Gomez v. Village of Sleepy Hollow*, No. 07-CV-9296 (SCR), 2009 WL 10739847, at *1–2 (S.D.N.Y. May 19, 2009) (staying Section 1983 claims, including ones of false arrest, excessive force, and malicious prosecution, pending resolution of plaintiff's criminal proceedings).

Courts consider several factors when deciding whether a stay is appropriate in light of a pending criminal case, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants [in the civil action] have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Harris*, 2014 WL 3491286, at *3 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *see Gomez*, 2009 WL 10739847, at *1–2.

Here, the pending civil and criminal cases both arise out of the same incident, namely, Plaintiff's encounter with and arrest by Defendant, an NYPD officer, on April 25, 2020, a fact that weighs strongly in favor of staying the civil case. *See Harris*, 2014 WL 3491286, at *3 ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." (citation omitted)); *Doe v. City of New York*, No. 09-CV-9895 (BSJ), 2010 WL 286643, at *1 (S.D.N.Y. Jan. 19, 2010) ("District courts routinely exercise their inherent

power and discretionary authority to stay a case when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter."). Of particular note, probable cause, which is an absolute defense to Plaintiff's claim of false arrest against Defendant, *see Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006), "might also be adjudicated in the underlying criminal proceeding, and subsequently subject to issue preclusion," *Harris*, 2014 WL 3491286, at *4; *Vallen v. Connelly*, 36 F. App'x 29, 31 (2d Cir. 2002) (summary order) ("[A] person . . . validly convicted of the crime for which he was arrested, . . . would be barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause.").

Further, the fact that Plaintiff has already been charged on several counts arising out of the April 25, 2020 incident (*see* Exhibit A ("Ex. A."), Dkt. 7-1, at ECF 2–3), counsels in favor of staying the pending civil action, so as not to undermine Plaintiff's "Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." *Johnson v. N.Y.C. Police Dep't*, No. 01-CV-6570 (RCC) (JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003); *Gomez*, 2009 WL 10739847, at *2 (finding that a stay is appropriate "rather than risking the impairment of any criminal defendants' Fifth Amendment privilege against self-incrimination" and that "allowing discovery to proceed in this case will . . . risk prejudicing those criminal matters").

Although the Court has not heard from Plaintiff regarding the request to stay, the Court understands that staying this matter will delay to an extent the resolution of Plaintiff's civil claims. *Harris*, 2014 WL 3491286, at *4 ("[C]ourts recognize that plaintiffs to a civil action have a 'strong interest' in their 'expeditious resolution.'" (citation omitted)). However, this delay is not interminable, given the March 19, 2021 appearance date in Plaintiff's criminal matter (*see* Ex. A,

4

Dkt. 7, at ECF 2–3), and serves to avoid prejudicing Plaintiff's criminal case. Further, Plaintiff may aid in reducing unnecessary delay by keeping the Court apprised of the status of the criminal proceedings.

For the foregoing reasons, including that a stay may narrow the issues before this Court, prevent both parties from performing duplicative work, avoid prejudicing Plaintiff's criminal case, and serve the Court's interest in judicial economy and efficiency, *Harris*, 2014 WL 3491286, at *4–5, the Court concludes that a stay of Plaintiff's pending civil case is appropriate.

## CONCLUSION

The Court grants Defendant's request to stay this civil proceeding pending the adjudication of Plaintiff's criminal case. The Court directs Plaintiff to update the Court and Defendant's counsel of the status of his criminal case by no later than March 22, 2021. The update shall be provided through a written submission mailed to the Court or filed via ECF. The Court further grants Defendant's request to have two weeks from the time the stay is lifted to answer or otherwise respond to the Complaint. The specific date for such answer or response will be set forth in an Order by the Court lifting the stay.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 17, 2020
       Brooklyn, New York